BLD-155                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4680
_____

DAVID WATTIE-BEY;
ALICIA WATTIE,
                              Appellants

v.

ATTORNEY GENERAL'S OFFICE, Commonwealth of Pennsylvania;
DIVISION FOR CHILDREN, YOUTH SERVICES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-02224)
District Judge: Honorable Yvette Kane
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed:   April 21, 2011  )
_____

OPINION
_____

PER CURIAM.

    Appellants, David Wattie-Bey and Alicia Wattie, filed a pro se complaint in the

District Court for the Middle District of Pennsylvania shortly after a Pennsylvania state

trial court entered an order authorizing state officials to remove appellants' minor child

from their home, and directing placement of the child with the Dauphin County Division of Children and Youth Services pending further custody proceedings. Appellants assert in their federal complaint that the Dependency Petition presented in state court was improper, that it was supported by an inadequate Affidavit, and that it violated their federal constitutional rights in several respects. Further, they contend that the state court's removal order was improper insofar as it was entered in reliance upon the infirm Dependency Petition. Appellants sought declaratory relief, an injunction, and damages under 42 U.S.C. § 1983 to remedy the alleged violations of their constitutional rights.

Upon an initial screening of the complaint, a Magistrate Judge recommended granting leave to proceed in forma pauperis and dismissing the suit for four reasons: (1) the complaint violates the "domestic relations doctrine" by asking to "federally adjudicate what is a pending state domestic relations matter"; (2) abstention under Younger v. Harris, 401 U.S. 37 (1971), is warranted while the state court custody proceedings are pending; (3) the Eleventh Amendment bars suit against the named defendants (the Pennsylvania Attorney General's Office and the Dauphin County Division of Children and Youth Services); and (4) to the extent that appellants might seek to hold state judicial agency employees personally liable for damages, those employees would be immune from such liability. The District Court fully adopted the Report and Recommendation and dismissed the complaint. Appellants timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. We will summarily affirm a district court's judgment when, as here, the appeal presents "no substantial question."

2

3d Cir. LAR 27.4 and I.O.P. 10.6.

The District Court was correct that <u>Younger</u> abstention principles dictated dismissal of the complaint, at least with regard to appellants' claims for prospective injunctive and declaratory relief based on alleged violations of their constitutional rights in the ongoing state court custody proceedings.[1] "We exercise plenary review over the legal determination of whether the requirements for abstention have been met. Once we determine that the requirements have been met, we review a district court's decision to abstain under *Younger* abstention principles for abuse of discretion." <u>Gwynedd Properties, Inc. v. Lower Gwynedd Township</u>, 970 F.2d 1195, 1199 (3d Cir. 1992) (citation omitted).

The doctrine of <u>Younger</u> abstention "reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." <u>Id.</u> (quotation marks omitted). Accordingly, "[i]n certain circumstances, district courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering

---

[1] With regard to dismissal of the complaint under the "domestic relations doctrine," the United States Supreme Court has long recognized a domestic relations exception to federal diversity jurisdiction for cases "'involving the issuance of a divorce, alimony, or child custody decree.'" <u>Matusow v. Trans-County Title Agency, LLC</u>, 545 F.3d 241, 245 (3d Cir. 2008) (quoting <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 704 (1992)). Here, appellants invoke federal question, not diversity, jurisdiction in seeking relief under § 1983. "[A]s a jurisdictional bar, the domestic relations exception does not apply to cases arising under the Constitution or laws of the United States." <u>Flood v. Braaten</u>, 727 F.2d 303, 308 (3d Cir. 1984); see <u>McLaughlin v.</u>

with an ongoing state proceeding." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam). Younger abstention is appropriate when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Gwynedd Properties, 970 F.2d at 1199.

These requirements are met here. First, appellants acknowledged in the complaint that proceedings regarding the welfare and custody of their child remained pending in state court when they filed suit in federal court. See Lazaridis, 591 F.3d at 670. Second, "[f]amily relations are a traditional area of state concern." Moore v. Sims, 442 U.S. 415, 435 (1979); see also Winston v. Children & Youth Services, 948 F.2d 1380, 1399 (3d Cir. 1991) (Garth, J. dissenting) (observing that "Pennsylvania … clearly has a strong interest in administering its child welfare procedures and in adjudicating controversies that arise from that administration"). Third, appellants do not appear unable to raise their claims and obtain relief in the state proceedings, at least insofar as they seek declaratory relief and an injunction against future proceedings due to the alleged constitutional infirmity of the Dependency Petition, the trial court's removal order, and the custody proceedings generally. See Lazaridis, 591 F.3d at 670-71 (explaining that Younger requires only an opportunity to present federal claims in state court, and the burden rests with plaintiff to show that state procedural law bars presentation of the claims). Finally,

Pernsley, 876 F.2d 308, 312-13 (3d Cir. 1989). As such, appellants' complaint is not subject to dismissal under the domestic relations exception.

4

there is no indication here "of bad faith, harassment or some other extraordinary circumstance, which might make abstention inappropriate." Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003).

The record, therefore, supports the District Court's decision to abstain from exercising jurisdiction over the complaint. However, inasmuch as appellants seek to recover damages for alleged violations of their constitutional rights, we have observed that "a district court, when abstaining from adjudicating a claim for injunctive relief, should stay and not dismiss accompanying claims for damages … when such relief is not available from the ongoing state proceedings." Williams v. Hepting, 844 F.2d 138, 144-45 (3d Cir. 1988) (citation and quotation marks omitted). As we have explained, "*Younger* abstention is only appropriate where the precise claims raised in federal court *are available* in the ongoing state proceedings. Where the availability of a claim in state court is questionable, our abstention jurisprudence weighs in favor of retaining jurisdiction." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 413 (3d Cir. 2005).

Nevertheless, it is clear that appellants' damages claims were properly dismissed rather than stayed because, as the Magistrate Judge explained, the two defendants that appellants elected to name in this suit are entitled to sovereign immunity under the Eleventh Amendment.

Appellants seek to recover for the alleged violations of their constitutional rights from the Pennsylvania Attorney General's Office and the Dauphin County Division of

5

Children and Youth Services. "[T]he Eleventh Amendment . . . has been interpreted to render states -- and, by extension, state agencies and departments and officials when the state is the real party in interest -- generally immune from suit by private parties in federal court." Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002). In addition, "States are not 'persons' within the meaning of § 1983 and, therefore, cannot be among those held liable for violations of the civil rights statute." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996). For the reasons explained by the Magistrate Judge, appellants' claims against the state agencies named as defendants are precluded under the Eleventh Amendment.[2] Consequently, their claims for damages were properly dismissed rather than stayed.[3]

For foregoing reasons, we will summarily affirm the District Court's judgment dismissing appellants' complaint.

---

[2] While "[t]he Supreme Court has long held that counties, municipalities, and political subdivisions of a state are not protected by the Eleventh Amendment," Febres v. Camden Bd. of Educ., 445 F.3d 227, 229 (3d Cir. 2006), the Magistrate Judge observed that Pennsylvania's domestic relations agencies, such as the Dauphin County Division of Children and Youth Services, are defined by statute as arms of the state courts and institutions of state government.

[3] The Magistrate Judge also concluded that appellants' complaint fails against any individual defendants that might be named because such individual defendants would be entitled to immunity for official actions undertaken in the state judicial system. Appellants, however, did not name any individual defendants to this suit. Consequently, we do not find it appropriate or necessary to address the potential immunity of unspecified individuals not named as defendants to the suit.